Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

| | |
|---|---|
| BEVERLY ROBERTS, | Case No.: |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| WEST ASSET MANAGEMENT, INC. Defendant. | **(Unlawful Debt Collection Practices)** |

## <u>VERIFIED COMPLAINT</u>

BEVERLY ROBERTS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., allege the following against WEST ASSET MANAGEMENT (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt

- 1 -

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff bring this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural persons residing in Tucson, Pima County, Arizona and are allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant has a business office in Omaha, Douglas County, Nebraska.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6).*

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for a debt not owed. Plaintiff was provided a refund check as she had overpaid the account. (see bill showing zero balance attached hereto as Exhibit "A" and refund check provided to Plaintiff attached hereto as Exhibit "B").

12. Plaintiff confirmed she did not owe the alleged debt on 6/11/08 in a conversation with Qwest Communications. At that time, her account was back dated as the services Plaintiff was being charged for were not in use (see Exhibit "B").

13. Despite being advised of the above facts, Defendant continued to attempt to collect on the alleged debt.

14. Defendant called Plaintiff approximately 3-7 times per day seeking and demanding payment on the debt not owed.

15. Plaintiff sent a cease and desist letter in July, 2008 (see letter attached hereto as Exhibit "C").

16. Defendant continues to attempt to collect the debt despite Plaintiff's cease and desist letter.

17. Defendant has contacted Plaintiff before 8:00 AM seeking and demanding payment of an alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff before 8:00 AM in an attempt to collect an alleged debt.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

    c. Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language that the natural consequence of which is to abuse Plaintiff.

    d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    e. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, and legal status of the alleged debt.

    f. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt and/or permitted by law.

    g. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above

Plaintiff has suffered emotional distress (see group Exhibit "D").

WHEREFORE, Plaintiff, BEVERLY ROBERTS respectfully requests judgment be entered against Defendant, WEST ASSET MANAGEMENT, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BEVERLY ROBERTS, demand a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  December 9, 2008            KROHN & MOSS, LTD.


By:    /s/  Ryan Lee

  Ryan Lee
  Attorney for Plaintiffs

COMPLAINT

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ARIZONA

 Plaintiffs, BEVERLY ROBERTS, state as follows:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

 Pursuant to 28 U.S.C. § 1746(2), I, BEVERLY ROBERTS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5 December 2008   _____
              BEVERLY ROBERTS

# **EXHIBIT A**

COPY

Qwest.
*Spirit of Service*

Page 1 of 4

BEVERLY ROBERTS
Account Number: 520 544-8826F 5461

544-8826

THIS BILL INCLUDES THESE QWEST SERVICES:
☑ HOME   ☐ INTERNET   ☐ LONG DISTANCE   ☑ WIRELESS   ☐ DIGITAL TV   ☐ BROADBAND PHONE

| Previous Balance | New Charges | Total Amount Due | Due Date for New Charges |
|---|---|---|---|
| $49.77 | -$67.27 | -$17.50 | Do Not Pay |

Bill Date
Mar 24, 2008

Qwest
Customer Service  1 800 244-1111
Repair            1 800 573-1311

Visit qwest.com

Get super-fast Qwest High-Speed Internet service at a GUARANTEED PRICE FOR LIFE-as low as $29.99/mo. when bundled with a qualifying phone package. The price is yours as long as you maintain your service! Requires 2-year commitment. For details, availability, restrictions, or to order, call 1 888-285-0060.

### Account Summary

*Closing Statement*
**Previous Balance**

Charges ........................................... 49.77
Adjustments
    Qwest ........................................ -14.92
    Qwest Wireless ............................... 14.92

Past Due Balance ................................ $49.77

**New Charges**
Qwest Local Service............... *(Page 3)*.. -67.27
Qwest Wireless................... *(Page -)*.. .00

Total New Charges ............................... -$67.27

Total .......................................... -$17.50

*We are pleased to inform you that a credit balance is reflected at this time on your account. A refund in the amount of $17.50 will be mailed within 7 days.*

50142 1/2

---

Please fold, tear here and return this portion with your payment.

Qwest.
*Spirit of Service*

To change your billing address,
call us at 1-800-244-1111

AV 01 011040 22374H 44 A**5DGT

BEVERLY ROBERTS
13899 N BENTWATER DR
ORO VALLEY AZ 85755-5878

Account Number: 520-544-8826F 5461

**TOTAL CREDIT:**          -$17.50

**NO PAYMENT IS REQUIRED.**

QWEST
P O BOX 29039
PHOENIX, AZ 85038-9039

81 0152054488260546B 0138032408 000000497701 000000175018

# EXHIBIT B

COMPLAINT

WR6015

QWEST CORPORATION
5325 ZUNI ST. RM 379 REFUND
DENVER  CO  80221


Qwest.
Spirit of Service

Page 1 of 1

BEVERLY ROBERTS
13899 N BENTWATER DR
ORO VALLEY AZ  85755

0001512

Check Date:  06/20/2008

PAYEE NAME:  BEVERLY ROBERTS

| ACCOUNT NUMBER | DATE | REFUND AMOUNT | REFERENCE NUMBER |
|---|---|---|---|
| 5205448826-00200 | 06-16-2008 | $17.50 | 0000000000 |
| TOTAL | | $17.50 | |

FOR QUESTIONS ABOUT THE ABOVE ACCOUNT, PLEASE CALL QWEST CUSTOMER SERVICE
AT ONE OF THE FOLLOWING NUMBERS:

RESIDENTIAL:            1-800-244-1111
SMALL BUSINESS:         1-800-603-6000
LARGE BUSINESS:         1-800-777-9594
FEDERAL:                1-800-879-1023
GOVERNMENT & EDUCATION: 1-800-777-9594

SHADED AREA MUST GRADUALLY CHANGE FROM BLUE AT TOP TO GREEN AT BOTTOM

QWEST CORPORATION
5325 ZUNI ST. RM 379 REFUND
DENVER  CO  80221


Qwest.
Spirit of Service

4301366779
66-156/531
VOID AFTER 30 DAYS

Date                Net Amount  USD

Pay Exactly       **17* Dollars and * 50 * Cents   06/20/2008    $***17.50

TO THE
ORDER
OF

BEVERLY ROBERTS
13899 N BENTWATER DR
ORO VALLEY AZ  85755

WACHOVIA BANK, N.A.

Qwest.
Spirit of Service
Authorized Signature

⑈4301366779⑈ ⑉053101561⑉ 20799005544 36⑈

# EXHIBIT C

COMPLAINT

COPY: MY LETTER TO QWEST
OFFICES IN DENVER, CO

30 June 2008

Sir:

Enclosed is a copy of my last statement from Qwest, received approx. 10 days ago. Also enclosed is a copy of your refund check recieved last Thursday, June 26, 2008. This statement references acct. 520-544-8826, a fax number.

Since 6 March, I have been a customer of Comcast, using their bundled services.

I spoke today with Jenny at Qwest Customer Service, who said she did not have a copy of my latest enclosed statement. Please recognize the enclosed copies and notify your collection agency, West Asset Mgmt., to cease and desist their harassing phone calls to me.

I do appreciate your immediate attention to this matter.

With Kind Regards,
Beverly R. Roberts

# EXHIBIT D

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | YES | NO |
| 2. Fear of answering the telephone | **(YES)** | NO |
| 3. Nervousness | YES | NO |
| 4. Fear of answering the door | YES | NO |
| 5. Embarrassment when speaking with family or friends | YES | NO |
| 6. Depressions (sad, anxious, or "empty" moods) | **(YES)** | NO |
| 7. Chest pains | YES | NO |
| 8. Feelings of hopelessness, pessimism | YES | NO |
| 9. Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. Thoughts of death, suicide or suicide attempts | YES | NO |
| 12. Restlessness or irritability | YES | NO |
| 13. Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. Negative impact on my job | YES | NO |
| 15. Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Stress, disgust, and inconvenience of having to repeatedly check screen of incoming caller ID for 6+ months._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _5 December 2008_    _Beverly R. Roberts_
Signed Name

_BEVERLY R. ROBERTS_
Printed Name